# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

WORNIE HARDNETT                                                        PLAINTIFF


v.                              NO. 4:06CV01002 HDY


JO ANNE B. BARNHART,                                                   DEFENDANT
Commissioner of the Social
Security Administration


<u>MEMORANDUM OPINION AND ORDER</u>


The record reflects that in June of 2003, plaintiff Wornie Hardnett ("Hardnett")
filed applications for supplemental security income benefits and disability insurance
benefits pursuant to the provisions of the Social Security Act ("Act").  His applications
were denied initially and upon reconsideration.  He next requested, and received, a <u>de
novo</u> administrative hearing before an Administrative Law Judge ("ALJ").  In December
of 2005, the ALJ issued a ruling adverse to Hardnett.  He appealed the ruling to the
Appeals Council where the decision of the ALJ was affirmed.  The decision of the ALJ
therefore became the final decision of the Commissioner of the Social Security
Administration ("Commissioner").  In August of 2006, Hardnett commenced the
proceeding at bar in which he challenged the final decision of the Commissioner.

The sole inquiry for the Court is whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  See Prosch v. Apfel, 201 F.3d 1010 (8th Cir. 2000).  "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusions."  See Id. at 1012.  The Court may not reverse the decision of the Commission merely because the evidence supports a different conclusion.  See Id.

In determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole, it is helpful to identify those findings.  The Commissioner made findings pursuant to the five step sequential evaluation process.[1] At steps one through three, the Commissioner found the following: Hardnett has not engaged in substantial gainful activity since June 7, 2003; he is severely impaired as a result of a "history of … hypertension, skin lesions, degeneration of the lumbar spine, and left knee discomfort, see Transcript at 14; and his impairments are not listed in, nor medically equal to ones listed in, the regulations.  At step four, the Commissioner found that Hardnett retains sufficient residual functional capacity to perform medium work and can perform his past work as a factory laborer.  The Commissioner therefore concluded that Hardnett is not disabled within the meaning of the Act.

---

[1]

The five steps involve determining the following: "(1) whether the claimant is currently employed; (2) whether the claimant is severely impaired; (3) whether the impairment is, or is comparable to, a listed impairment; (4) whether the claimant can perform past relevant work; and, if not, (5) whether the claimant can perform any other kind of work."  See Cox v. Barnhart, 345 F.3d 606, 608 n.1 (8th Cir. 2003) [citing Bowen v. Yuckert, 482 U.S. 137 (1987)].

Are the Commissioner's findings supported by substantial evidence on the record as a whole?  Hardnett thinks not and advances three reasons why they are not.  He first maintains that his subjective complaints were not properly evaluated in accordance with the factors identified in <u>Polaski v. Heckler</u>, 751 F.2d 943 (8th Cir. 1984) and Social Security Ruling 96-7p.  In support of that assertion, he maintains that the Commissioner should have at least discussed "such things as aggravating and precipitating factors, functional limitations, [Hardnett's] daily activities, and his strong past relevant work …"  <u>See</u> Document 9 at 9.

It is black letter law that in determining a claimant's residual functional capacity, the Commissioner must evaluate the claimant's credibility.  <u>See</u> <u>Pearsall v. Massanari</u>, 274 F.3d 1211 (8th Cir. 2001).  In evaluating a claimant's subjective complaints, the Commissioner is obligated to follow the teachings of <u>Polaski v.  Heckler</u> and Social Security Ruling 96-7p.[2]

---

[2]

In <u>Polaski v. Heckler</u>, the United States Court of Appeals for the Eighth Circuit articulated the standard for evaluating subjective allegations and complaints of pain.  The standard requires the Commissioner to give full consideration to all of the evidence presented relating to subjective allegations and complaints, including the claimant's prior work record, and observations by third parties, treating physicians, and examining physicians relating to such matters as the claimant's daily activities; the duration, frequency, and intensity of any pain; precipitation and aggravating factors; the dosage, effectiveness and side effects of any medication; and the claimant's functional restrictions.

Social Security Ruling 96-7p provides that the Commissioner's evaluation of a claimant's credibility must contain "specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.… It is not sufficient for the adjudicator to make a single, conclusory statement that the individual's allegations have been considered … [nor is it] enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms."  <u>See</u> <u>Arnold v. Barnhart</u>, 473 F.3d 816, 822 (7th Cir. 2007).

In evaluating Hardnett's subjective complaints, the Commissioner first noted that the proper test is set forth in Polaski v. Heckler and Social Security Ruling 96-7p.  The Commissioner next briefly outlined Hardett's daily activities and the medical evidence.[3]  The Commissioner then found the following:

> The claimant's subjective complaints have been evaluated under the criteria of Polaski and the factors set forth in Social Security Ruling 96-7p and 20 CFR sections 404.1529 and 416.929.  Based upon consideration of these factors and criteria, together with the medical evidence, it is the conclusion of the [Commissioner] that the claimant does not experience symptomatology of such duration, frequency, or intensity to be disabling or preclude the performance of medium work.  This conclusion is consistent with the opinion of the State agency medical consultants ... and the persuasive opinion from a recent consultative examination ...

See Transcript at 15.

---

[3]

The Commissioner found that Hardnett's daily activities included "some household chores, yard work, shopping, driving, preparation of meals, visiting with friends, and watching television."  See Transcript at 14.  The Commissioner also found that Hardnett occasionally cuts grass and sometimes performs work as a temporary laborer.  With regard to the medical evidence, the Commissioner found that Hardnett's hypertension is "amenable to good control if he is compliant with prescribed medication, and no work-related limitations are established due to the minimal and conservative treatment he has had for skin lesions."  See Transcript at 14.  The Commissioner additionally found the following:

> Similarly, he has required no aggressive medical care or surgery for any musculoskeletal abnormality, receiving only sporadic treatment for mention of back or knee discomfort. X-ray of the left knee on July 1, 2004, showed normal joint spaces and an absence of joint effusion, and an X-ray of the lumbar spine on November 13, 2003, was interpreted as normal with no indication of spondylolisthesis.  When he reported he was no longer taking prescribed ibuprofen, his treating physician indicated his symptoms were controllable with more regular use of ibuprofen ...  No further diagnostic testing or use of strong narcotic pain medication has ever been indicated.

See Transcript at 14-15.

The Court has carefully examined the Commissioner's analysis of Hardnett's subjective complaints.  On the basis of that examination, the Court finds that the Commissioner's analysis fails to conform to the teachings of <u>Polaski v. Heckler</u> and Social Security Ruling 96-7p.  The Commissioner's analysis is cursory at best.  It matters not that the analysis is brief.  It also matters not that the analysis does not mention all of the <u>Polaski v. Heckler</u> factors because the Commissioner is not obligated to mention all of the factors in the analysis.  <u>See</u> <u>Brown v. Chater</u>, 87 F.3d 963 (8th Cir. 1996).  The analysis, however, must contain specific reasons supported by the evidence and must be sufficiently specific to make clear to the claimant and to any subsequent reviewers the weight the Commissioner gave to the claimant's statements and the reasons for that weight.  The Commissioner's analysis accomplishes none of those ends.  It does not contain specific reasons supported by the evidence and is not sufficiently specific to make clear to anyone the weight given Hardnett's statements and the reasons for that weight.  The analysis is little more than a conclusory statement that Hardnett's subjective complaints were considered, something specifically prohibited by Social Security Ruling 96-7p.[4]  For this reason, a remand is warranted.

---

[4]

  In <u>Brown v. Chater</u>, the Court of Appeals noted the following: "An arguable deficiency in opinion-writing technique is not a sufficient reason for setting aside an administrative finding where ... the deficiency probably had no practical effect on the outcome of the case." <u>See</u> <u>Id.</u>, 87 F.3d at 966 [internal quotation omitted].  The Court has carefully examined the record.  Assuming, <u>arguendo</u>, that the Commissioner's written decision is deficient because it contains only a cursory analysis of Hardnett's subjective complaints, the Court is not prepared to find that the deficiency had no practical effect on the outcome of the case.

Hardnett advances a second reason why the Commissioner's findings are not supported by substantial evidence on the record as a whole.  Hardnett maintains that "the question as to whether or not [he can] perform the full range of work activities remains to be seen."  <u>See</u> Document 9 at 8.  In support of that assertion, he represents the following:

> Plaintiff testified that such work [<u>i.e.</u>, his past relevant work as a factory laborer] ... requires at least some time picking up of 60 lbs. to 70 lbs ... Obviously, this [is] beyond the medium range of work, which is defined to be a maximum weight limit of 25 lbs. frequently and occasionally up to 50 lbs. maximum.  Dr. Knott, in her report, did not say your Plaintiff could frequently lift up to 25 lbs. but only occasionally ... This, therefore, raises a serious question as to whether, in fact, the ALJ's findings that the Plaintiff [can] perform the medium level of work was supported by substantial evidence ...  A close reading of the record suggests he [can] not.

<u>See</u> Document 9 at 8.

Step four of the sequential evaluation process requires the Commissioner to determine whether a claimant can perform his past relevant work.  In doing so, the Commissioner has a duty to "<u>fully</u> investigate and make <u>explicit</u> findings as to the physical and mental demands of a claimant's past relevant work and to compare that with what the claimant [himself] is capable of doing before ... determin[ing] that [he] is able to perform [his] past relevant work."  <u>See</u> <u>Nimick v. Secretary of Health and Human Services</u>, 887 F.2d 864, 866 (8th Cir. 1989) [emphasis in original].

In September of 2005, Dr. Patricia Knott ("Knott") performed a consultative physical examination of Hardnett.  She found, in part, that he was capable of lifting and/or carrying between twenty and fifty pounds occasionally.  See Transcript at 162. At the subsequent administrative hearing, Hardnett was questioned as to the physical demands of his past relevant work as a factory laborer.  He specifically testified as follows:

> Q. All right.  You also were a parts handler.  Tell us about that. What did you do as a parts handler?
>
> A. Parts handler, I dipped, dipped parts into this liquid solution so they could see were any cracks in it.
>
> Q. All right, parts from what, motor vehicles?
>
> A. For motor vehicles, right.
>
> Q. All right, and how heavy were these parts you had to pick up and dip into the solution?
>
> A. Oh, I'd say about 10 to 20 pounds [INAUDIBLE] then I had to put them in a basket and dip them in oil, stuff like that.
>
> Q. And how much did the basket weigh?
>
> A. The basket it was metal so I, and all the parts in it I'll say weighed about 60-70 pounds.

See Transcript at 196-197.  Apparently on the basis of Knott's finding, the Commissioner found that Hardnett was "capable of lifting up to [fifty] pounds ..."  See Transcript at 15.

-7-

The Court has carefully examined the record and confesses some confusion as to the physical demands of Hardnett's past relevant work.  Specifically, it is not clear whether he was only required to lift and dip individual parts, which he estimated weighed between ten and twenty pounds, or whether he was also required to lift and dip a basket containing the individual parts, which he estimated weighed between sixty and seventy pounds.  The clarification of this confusion makes a difference because the Commissioner found, on the basis of Knott's examination, that Hardnett was capable of lifting up to fifty pounds occasionally.  For this reason as well, a remand is warranted.

Hardnett advances a third and final reason why the Commissioner's findings are not supported by substantial evidence on the record as a whole.  Hardnett maintains that "[t]here is no indication that the [Commissioner] considered all of the Plaintiff's impairments in combination but simply stated that they were not equal to one contained in the listings in Appendix 1 ..."  See Document 9 at 10.  Without question, the Commissioner is obligated to fully and fairly develop the record.  See Battles v. Shalala, 36 F.3d 43 (8th Cir. 1994).  In so doing, the Commissioner is obligated to consider, inter alia, whether the combination of a claimant's impairments are medically equal to a listed impairment.  See Raney v. Barnhart, 396 F.3d 1007 (8th Cir. 2005).  The Court has examined the record and is not convinced that the Commissioner adequately considered the combination of Hardnett's impairments in making the disability determination.  Upon remand, the Commissioner should do so.

In conclusion, the Court finds that the Commissioner's findings are not supported by substantial evidence on the record as a whole.  The Commissioner failed to properly analyze Hardnett's subjective complaints.  Upon remand, the Commissioner shall analyze Hardnett's subjective complaints in conformity with the teachings of Polaski v. Heckler and Social Security Ruling 96-7p.  In addition, the Commissioner failed to properly articulate the physical demands of Hardnett's past relevant work and whether he can perform that work.  Upon remand, the Commissioner shall identify the physical demands of Hardnett's past relevant work and whether he can perform that work.  Last, upon remand, the Commissioner shall more fully consider the combination of Hardnett's impairments in making the disability determination.   For these reasons, the Commissioner's decision is reversed, and this proceeding is remanded.  This remand is a "sentence four" remand as that phrase is defined  in 42 U.S.C. 405(g) and Melkonyan v. Sullivan, 501 U.S. 89 (1991).  Judgment will be entered for Hardnett.

IT IS SO ORDERED this   11   day of May, 2007.


_____
UNITED STATES MAGISTRATE JUDGE